IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV351-03-MU

|  |  |  |
|---|---|---|
| ALFRED MILLER JR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| MECKLENBURG COUNTY JAIL, | ) | |
| SHERIFF JIM PENDERGRAPH | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed August 10, 2005. (Document No. 1. )

Plaintiff alleges in his Complaint that he tripped in his cell on a "lump of cement and steel above floor level in my room."  He admits that the officer of duty called in a code for a medical emergency and was taken to medical where he was seen for by a doctor for his injuries and x-rays were taken.

Plaintiff seeks to sue Sheriff Pendergraph in his official and individual capacity since he is responsible for "ensureing [sic] all safety at the facility."  Plaintiff requests this Court to serve "summons on Mr. Pendergraph and allow [him] to be placed on a docket in court."

A cause of action under 42 U.S.C. § 1983 requires a deprivation of a right secured by the Constitution by a person acting under color of state law.  Plaintiff's Complaint does not state a cause of action that is cognizable under 42 U.S.C. § 1983 in that he has not stated a constitutional violation.  If anything, Plaintiff's complaint sounds more like a tort violation for negligence than a constitutional violation.  However, negligence in the context of a § 1983 claim is simply not

Dockets.Justia.com

sufficient to state a claim for relief.

## **ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is

Dismissed for failure to state a claim for relief.

_____

**Signed: August 15, 2005**

Graham C. Mullen
Chief United States District Judge